UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 419 CARONDELET L.L.C. | * | CIVIL ACTION |
| | * | NO.:   2:22-cv-04311 |
| VS. | * | |
| | * | JUDGE: WENDY B. VITTER |
| CERTAIN UNDERWRITERS AT | * | |
| LLOYD'S LONDON, SUBSCRIBING | * | |
| TO CERTIFICATE NUMBER AMR-72952, | * | MAGISTRATE JUDGE: |
| HDI GLOBAL SPECIALTY SE,   AND | * | DONNA PHILLIPS CURRAULT |
| EVANSTON INSURANCE COMPANY | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO RECONSIDER DENIAL OF**
**DEFENDANTS' MOTION TO COMPEL ARBITRATION**

**MAY IT PLEASE THE COURT:**

The Court is unconditionally required, pursuant to Federal Arbitration Act and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, to compel arbitration pursuant to the subject insurance policy's Arbitration Clause and to stay the litigation, regardless of the terms of a Case Management Order or Streamlined Settlement Process. As directed by the U.S. Fifth Circuit: "Both the Arbitration Act and the Convention provide that if a dispute in a pending lawsuit is subject to arbitration, the district court '*shall* on application of one of the parties stay the trial of the action until such arbitration has been had," and that "the district court *shall* make an order directing the parties to proceed to arbitration." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1146 (5th Cir. 1985) (emphasis added). The insurance contract between Certain Underwriters at Lloyd's London, Subscribing to Certificate Number AMR-72952, HDI Global Specialty SE, and Evanston Insurance Company (hereinafter "Insurers"), and 419 Carondelet L.L.C. obligate the parties to arbitrate "all matters in difference" pursuant to arbitration agreement between them, and this contractual obligation falls under the

Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Insurers therefore ask the Court to reconsider its December 8, 2022 denial of the Insurers' Unopposed Motion to Compel Arbitration and Stay Proceedings (Doc. 10).

The parties agreed to proceed with arbitration of the matters at issue in this litigation, two weeks prior to this Court's entry of its December 8, 2022 Order (Doc. 10) denying the Insurers' unopposed Motion to Compel Arbitration.[1]  The unopposed Motion to Compel Arbitration (Doc. 8) was substantively, and by law, ripe to be granted at that point.  As set forth herein, the Court's Order directing the parties into the SSP, and the mandated discovery procedure therein, contravenes the Federal Arbitration Act and the Convention, and materially alters the arbitration agreement between the parties.  In addition, there are strong and compelling reasons to justify the relief requested in this Motion, either under F.R.C.P. 59 or 60.

## I.

## FACTUAL SUMMARY

1. **Procedural History**

On October 28, 2022, the Insurers removed this matter from Civil District Court for the Parish of Orleans to the United States District Court for the Eastern District of Louisiana.  On that same day, the Insurers filed their Answer, which included a Counterclaim against 419 Carondelet, L.L.C. to compel arbitration.  419 Carondelet, as Defendant in Counterclaim, filed its Answer on December 16, 2022.

On November 2, 2022, the Insurers then filed their Motion to Compel Arbitration.  On November 16, 2022, 419 Carondelet filed its Response, stating it had no opposition to the Insurer's

---

[1] Insurers filed their Motion to Compel Arbitration on November 2, 2022. On November 16, 2022, the Plaintiff Insured filed its formal response stating that it had "no opposition." (Doc. 9).

motion.

**2. The Arbitration Agreement**

The Insurers and 419 Carondelet entered into a contract for insurance bearing Policy/Account No. 857582 ("the Account Policy"), which included the following Arbitration Clause, which delegates to the Arbitration Tribunal all authority over procedural matters, including discovery:

> C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> * * *
>
> **The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration** and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

(Emphasis added.) (Exhibit "1": Arbitration Clause)

**II.**

**UNDER THE CONVENTION, THE STAY OF LITIGATION
AND ORDER OF ARBITRATION ARE MANDITORY**

As the supreme law of the land, the Convention supersedes the Case Management Order, and mandates that the dispute between the parties be sent to arbitration, and not to proceed, even preliminarily, to litigation.

The Arbitration Clause, and all disputes arising therefrom, fall under the Convention. The Convention is an international treaty negotiated and ratified by Congress under its Treaty Power. (21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following,* 9 U.S.C. § 201 (West Supp. 1998).  As a ratified treaty, the Convention is the "law of the land", on par with the Constitution. *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1145 (5th Cir. 1985).   Congress enacted the Convention Act, empowering courts to enforce the Convention treaty.[2]  *See* 9 U.S.C. §§ 201-208.

This Court is guided by the *strong presumption* in favor of arbitrations that fall under the Convention.  This federal policy is applied with "special force" on Convention arbitrations:

> *Bremen* and *Scherk* establish a strong presumption in favor of enforcement of freely negotiated contractual choice-of-forum provisions. Here, as in *Scherk*, that presumption is reinforced by the emphatic federal policy in favor of arbitral dispute resolution. And at least since this Nation's accession in 1970 to the Convention, . . ., and the implementation of the Convention in the same year by amendment of the Federal Arbitration Act, ***that federal policy applies with special force in the field of international commerce.***

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 638-40, 105 S. Ct. 3346, 3356, 87 L. Ed. 2d 444 (1985) (emphasis added).

Magistrate Judge Currault very recently affirmed and articulated the federal policy favoring Convention arbitration remedies, and outlined the four prerequisites of the inquiry:

> Once these requirements are met, the court *must order* arbitration unless it finds that the agreement is null and void, inoperable or incapable of being performed.  Federal policy and precedent emphasize a strong presumption in favor of the enforcement of arbitration clauses, which applies with "special force" on arbitrations under the Convention. (Emphasis added).

---

[2] "Congress enacted the Convention Act within the Federal Arbitration Act to establish procedures by which federal courts must follow."  *1010 Common, LLC v. Certain Underwriters at Lloyd's, London,* No. 20-2326, 2020 U.S. Dist. LEXIS 233867, at *10 (E.D. La. Dec. 9, 2020).

4

Magistrate Judge Currault "Orders and Reasons," Doc. 13, C.A. No. 22-4546, at p. 5 (E.D.La. 12/16/22) (Exhibit "2").

1. **The Convention Mandates that Litigation be Stayed and Arbitration Ordered**

The Convention Act mandates that courts stay a litigation upon application by any party to an arbitration agreement. *See* 9 U.S.C. §3 (the court "**shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement") (Emphasis added). This stay of litigation is mandatory. *Gulfstream Shipbuilding, LLC v. C-Fly Marine Servs., LLC*, No. 19-9066, 2019 U.S. Dist. LEXIS 138072, at *5 (E.D. La. Aug. 15, 2019); *Georgetown Home Owners Ass'n v. Certain Underwriters at Lloyds*, 2021 U.S. Dist. LEXIS 20042 at *44 (M.D. La. February 2, 2021).

2. **Once Four Elements of the Arbitration Inquiry are Satisfied, Arbitration is Mandatory**

In light of this extremely compelling federal interest, this Court undertakes only a very limited inquiry of four criteria before compelling arbitration:

> The Convention, as implemented by Congress in 9 U.S.C. §§ 201 *et seq.*, requires this Court to enforce an arbitration clause if four criteria are met: (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.

*City of Kenner v. Certain Underwriters at Lloyd's,* 2022 U.S. Dist. LEXIS 18621, at *4 (E.D. La. Feb. 2, 2022). *See also*, *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004) ("In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry"); *Authenment v. Ingram Barge Co.*, 878 F. Supp. 2d

672, 685 (E.D. La. 2012) (if the four criteria for arbitration under the Convention are met, "the Court **must** compel arbitration") (emphasis added).

In this case, it is undisputed that all four elements are satisfied. An arbitration clause contained in an insurance policy constitutes an enforceable written agreement to arbitrate. *McDonnel Grp., L.L.C. v. Great Lakes Ins. Se*, 923 F.3d 427, 432 n.8 (5th Cir. 2019). The Arbitration Clause in the Account Policy provides for arbitration in New York, which is within the territory of the United States. The United States ratified the Convention in 1970, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following,* 9 U.S.C. § 201 (West Supp. 1998). The relationship between the Plaintiff and the Defendants is clearly a commercial legal relationship. This Court has held that an arbitration clause in an insurance agreement satisfies the requirement that the arbitration agreement arises from a commercial relationship. *See Franco's Ath. Club LLC v. Davis*, No. 21-1647, 2022 U.S. Dist. LEXIS 13870, at *8 (E.D. La. Jan. 26, 2022) ("the arbitration agreement arises from a commercial legal relationship because it is contained in an insurance policy issued to a business"). The Convention requires that at least one of the parties to the arbitration agreement not be a citizen of the United States. In this case, multiple Defendants are citizens of nations other than the United States:

- Multiple Underwriters at Lloyds, London, are principally citizens of the United Kingdom, including, but not limited to, Syndicates 2987 and 510, which are identified as subscribing syndicates on the Certain Underwriter's at Lloyds, London-Syndicate List included in the Policy

- HDI Global Specialty SE is a citizen of Germany.

**419 Carondelet does not contest that all four elements are satisfied**. At the time 419 Carondelet filed its Response stating it had no opposition to arbitration, this Court's inquiry was satisfied. At the time 419 Carondelet stated that it had no opposition to arbitration, the Court's role was

6

concluded, and the stay of litigation pursuant to 9 U.S.C. §3 became mandatory. At that time, two weeks before this Court denied the Insurers' Motion to Compel Arbitration, this matter should have been stayed, and arbitration should have been ordered.

### III.

### THE COURT'S ORDER EFFECTIVELY REWRITES THE ACCOUNT POLICY AND THE ARBITRATION CLAUSE

As set forth above, the Arbitration Clause in the Account Policy provides the Arbitration Tribunal - - not the Court - - with authority over "all matters in difference" between the parties. *See 5556 Gasmer Mgmt. LLC v. Underwriters at Lloyd's, London*, 463 F. Supp. 3d 785, 790 (S.D. Tex. 2020) ("This Court agrees that all means just that—all."). This language constitutes a comprehensive delegation clause transferring power to the Arbitration Tribunal. *STMB Props., LLC v. Certain Underwriters at Lloyd's London*, No. 22-2229, 2022 U.S. Dist. LEXIS 156895, (E.D. La. Aug. 31, 2022) (Judge Africk holding that the same delegation clause is very broad and delegates all authority on the covered issues to the Arbitration tribunal); *Sedco, Inc. supra at* 1145 ("it is difficult to imagine broader general language"). This includes an exclusive grant of power to enter orders governing discovery as required. Therefore, the parties are contractually obligated to wait until the Arbitration Tribunal is composed and has issued an order or orders setting up the procedure and protocols for, and parameters of, discovery. The Insurers respectfully submit that, by ordering the Parties to participate in the SSP and the related discovery within this lawsuit, this Court did not advance the strong federal policy in favor of Convention arbitration, but effectively wrote portions of the Arbitration Clause out of the Account Policy and reformed the contract and the negotiated relationship between the parties, *sua sponte*.

As a matter of law, where the arbitration agreement covers the full scope of discovery between the parties, the parties may not conduct discovery outside of arbitration, particularly where, as under the SSP, the discovery in question goes to the merits of the dispute between the parties. In the matter of *Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London et al.,* No. 19-cv-14017, E.D.La. 2020, Judge Douglas rejected such pre-arbitration merit-based discovery:

> [C]ourts in this district have 'generally denied arbitration-related discovery absent a compelling showing that such discovery is required.'" *Am. Gen. Life Ins. Co. v. Harper*, No. 3:15-cv-605, 2016 WL 430609, at *2 (S.D. Miss. Feb. 3, 2016) (citing *Bell v. Koch Foods of Miss. L.L.C.*, No. 3:108-cv-697, 2009 WL 1259054, at *3 (S.D. Miss. May 5, 2009), *aff'd*, 358 F. App'x 498 (5th Cir. 2009)); *see Byars v. Asbury Mgmt. Servs., L.L.C.*, No. 3:19-CV-660, 2020 WL 127989, at *3 (S.D. Miss. Jan. 10, 2020). The Federal Arbitration Act "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses," and it was "Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Bell*, 2009 WL 1259054, at *2 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983)).

June 10, 2020 Order of Judge Dana M. Douglas, at pages 5-6. (Exhibit "3"). [3]

The Insurers respectfully submit that the Federal Arbitration Act, the Convention, and the contract between the parties require this Court to reconsider its December 8, 2022 Order, to grant

---

[3] *See Patel v. Regions Bank*, No. 18-796, 2018 U.S. Dist. LEXIS 206152, at *5 (M.D. La. Dec. 6, 2018) ("allowing Plaintiff to conduct discovery with respect to Regions prior to a determination of whether Plaintiffs and Regions must arbitrate their dispute would, if arbitration is required, subject Regions to undue burden and expense"); *Andrus v. D.R. Horton, Inc.*, No. 2:12-cv-00098, 2012 U.S. Dist. LEXIS 76177, at *8 (D. Nev. June 1, 2012) ("It is in the interest of conserving the resources of the parties and the court to stay discovery in this action pending a determination of the motion to compel arbitration"); *Williamsport Realty, Inc. v. LKQ Penn- Mar, Inc.*, No. 3:14-CV-118, 2014 U.S. Dist. LEXIS 193130, at *3-4 (N.D.W. Va. Dec. 16, 2014) ("Awaiting the outcome of the motion to compel arbitration before discovery ensues will ensure that the parties proceed in the proper forum and protect LKQ's right to arbitration should the Court find in its favor"); *White v. JRHBW Realty, Inc.,* No. 2:14-cv-01436, 2015 U.S. Dist. LEXIS 23887, at *6 (N.D. Ala. Feb. 27, 2015) (cautioning party that it would not be permitted to "circumvent what may be more limited discovery on his claim(s). . . in an arbitration forum"); *Certain Underwriters at Lloyd's v. Boeing Co.*, 385 Ill. App. 3d 23, 46, 324 Ill. Dec. 225, 245, 895 N.E.2d 940, 960 (2008) (denying an attempt to bring a declaratory judgment action to circumvent the discovery rules of the underlying arbitration).

the Insurers' Motion to Compel Arbitration, to order the parties to arbitrate, and to stay this litigation.

        Respectfully submitted,

        **ADAMS HOEFER HOLWADEL, LLC**

        */s/     Phillip J. Rew*
        **BRUCE R. HOEFER, JR. (#6889)**
        **Email:  brh@ahhelaw.com**
        **D. RUSSELL HOLWADEL (#16975) T.A.**
        **Email:  drh@ahhelaw.com**
        **PHILLIP J. REW (#25843)**
        **Email:  pjr@ahhelaw.com**
        400 Poydras Street, Suite 2450
        New Orleans, Louisiana  70130
        Telephone:     (504) 581-2606
        Facsimile:      (504) 525-1488
        *Attorneys for Defendants, Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-72952 and HDI Global Specialty SE, under Account Policy: 825890*

        **PHELPS DUNBAR LLP**

        *s/Douglas M. Kleeman*
        Douglas M. Kleeman (Bar No. 31221)
        Tucker T. Bohren (Bar No. 37039)
        Canal Place│365 Canal Street • Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone:  (504) 566-1311
        Telecopier:  (504) 568-9130
        doug.kleeman@phelps.com
        tucker.bohren@phelps.com

        **ATTORNEYS FOR DEFENDANT,**
        **EVANSTON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on this 19th day of December, 2022, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

                              */s/ Phillip J. Rew*
                              **PHILLIP J. REW**