UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **419 CARONDELET, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4311** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL.** | **SECTION: D (2)** |

## ORDER & REASONS

Before the Court is a Motion to Reconsider Denial of Defendants' Motion to Compel Arbitration filed by the Defendants, Certain Underwriters at Lloyd's, London, subscribing to Certificate No. AMR-72952, HDI Global Specialty SE, and Evanston Insurance Company (collectively "Defendants").[1] Plaintiff has not filed any opposition to this Motion. After careful consideration of the Defendants' memorandum, the record, and the applicable law, the Court **GRANTS** the Motion.

### I.    FACTUAL & PROCEDURAL BACKGROUND

On December 8, 2022, this Court denied without prejudice Defendants' Motion to Compel Arbitration and Stay Litigation, explaining that the failure of either party to timely opt out of the Court's Hurricane Ida Streamlined Settlement Program ("SSP"), as described in the Court's Hurricane Ida Case Management Order ("CMO"), resulted in the matter being subject to the SSP.[2] As the Court explained, per the language of the CMO, "[i]f the parties do not seek to opt out, they are electing to participate in the two-staged Streamlined Settlement Program."[3]

---

[1] R. Doc. 12.
[2] R. Doc. 10.
[3] *Id*. at pp. 1–2 (quoting R. Docs. 5, 6 at p. 5).

Defendants filed the present Motion for Reconsideration on December 19, 2022, asking this Court to reconsider its prior Order denying Defendants' Motion to Compel Arbitration and Stay Litigation in this matter.[4] Defendants do not explicitly state which grounds for reconsideration under Rule 59(e) are appropriate here.[5] Rather, Defendants reiterate their argument that this case must be sent to arbitration because the contractual language of the agreement between the parties falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), thereby mandating arbitration.[6] Defendants further argue that by ordering the parties to participate in the SSP, "this Court did not advance the strong federal policy in favor of Convention arbitration, but effectively wrote portions of the Arbitration Clause out of the Account Policy and reformed the contract and the negotiated relationship between the parties, *sua sponte*."[7] As noted above, Plaintiff has filed no response to this Motion.[8]

## II.    LEGAL STANDARD

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[9] A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule

---

[4] R. Doc. 12.
[5] *See* R. Doc. 12-1 at p. 2 ("In addition, there are strong and compelling reasons to justify the relief requested in this Motion, either under F.R.C.P. 59 or 60.").
[6] *See id.* at pp. 1–2.
[7] *Id.* at p. 7.
[8] Plaintiff also did not oppose the Defendants' Motion to Compel Arbitration. *See* R. Doc. 9.
[9] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

59(e).[10]  The Court is mindful that, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[11]  "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[12]

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law."[13]

### III.   ANALYSIS

The Court notes that its prior Order denying without prejudice the Defendants' Motion to Compel Arbitration was limited in scope and did not address the validity of the arbitration clause included in the agreement between Plaintiff and Defendants. Rather, this Court based its ruling solely on the language of the Court's Hurricane Ida Case Management Order as well as the failure of the parties to timely opt-out of the SSP.  While the Court finds it appropriate to enforce the carefully considered policies and procedures as set forth in the CMO in order to promote the uniform and

---

[10] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).
[11] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[12] *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[13] *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *accord Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).

efficient administration of justice in the myriad Hurricane Ida-related insurance disputes before the Court, the Court nevertheless recognizes that, in certain cases, the efficient administration of justice dictates that the Court give some flexibility to the parties, as appropriate. Indeed, a rigid Procrustean approach to the CMO may undermine the very objectives of the CMO itself.[14] Accordingly, even though the parties failed to timely opt-out of the SSP, and because the Court finds that mandating the parties here to abide by the SSP will hinder rather than promote the swift and just resolution of this matter, the Court reconsiders its prior Order to prevent "manifest injustice." Further, for the reasons that follow, the Court finds that the clear language of the arbitration clause as well as binding precedent require this Court to grant Defendants' Motion to Compel Arbitration in this matter.

Although Louisiana law ordinarily prohibits enforcement of arbitration clauses concerning insurance disputes, the Fifth Circuit has held that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. §§ 201–09, supersedes state law.[15] Section 201 of the Federal Arbitration Act provides that the Convention "shall be enforced in United States courts in accordance with this chapter."[16] The Convention was ratified by Congress "to encourage the recognition and enforcement of commercial arbitration agreements and international

---

[14] *See* R. Doc. 6 ("The Court desires, to the greatest extent possible within the powers granted unto it, to eliminate increased difficulties to the parties involved, to bring as much of this litigation to resolution as *justly* and *expeditiously* as possible, and to allow the citizens of this District to move forward with their respective recoveries.") (emphasis added).
[15] *See McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431–32 (5th Cir. 2019), *as revised* (June 6, 2019).
[16] 9 U.S.C. § 201.

contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[17]

Pursuant to the Convention, "a court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; '(3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.'"[18] Once "these requirements are met, the Convention requires the district court [ ] to order arbitration," "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[19]

The parties do not dispute that all four criteria are met here. The Court concurs. The Court finds that there is (1) a written agreement between the parties to arbitrate[20]; (2) the agreement calls for arbitration in the United States—New York, specifically—which is a Convention signatory nation[21]; (3) the agreement relates to insurance and therefore arises from a commercial relationship; and (4) multiple Defendants, including certain underwriters of the Lloyd's of London policy at issue here as well as HDI Global Specialty SE, are citizens of foreign nations.[22]

---

[17] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).
[18] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004) (quoting *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)).
[19] *Id.* (quoting *Francisco*, 293 F.3d at 273, then quoting *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co.*, 767 F.2d 1140, 1146 (5th Cir. 1985)).
[20] The arbitration clause included in the agreement between the parties states that:
> All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

*See* R. Doc. 12-2.
[21] *See Freudensprung*, 379 F.3d at 339 ("[T]he United States is a signatory to the Convention[.]").
[22] *See* R. Doc. 1 at pp. 4–5.

Accordingly, given the satisfaction of each of the four required elements, the lack of opposition by Plaintiff to arbitrating this matter, and the clear contractual language mandating arbitration for any disputes between the parties, the Court finds it appropriate to grant Defendants' Motion for Reconsideration and, further, to grant Defendants' Motion to Compel Arbitration.

Further, pursuant to 9 U.S.C. § 3, when an issue subject to an arbitration clause is raised in a federal court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[23] Defendants have moved to stay this litigation upon the Court's ordering of the parties to arbitration.[24] Because this Court finds that arbitration is mandatory in this case, the Court stays this litigation pending resolution of the arbitration proceedings and until, upon the filing of a written motion, the Court finds that the stay should be vacated.

### IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Reconsider Denial of Defendants' Motion to Compel Arbitration[25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Arbitration and Stay Litigation[26] is **GRANTED**.

---

[23] 9 U.S.C. § 3.
[24] *See* R. Doc. 8-1 at pp. 3–4.
[25] R. Doc. 12.
[26] R. Doc. 8.

**IT IS FURTHER ORDERED** that this matter is **STAYED** until a final resolution of the arbitration proceedings has been rendered and the Court, upon written motion of the parties, finds it appropriate to vacate the stay.

New Orleans, Louisiana, January 10, 2023.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**